UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DR. PRADEEP GOEL,<br><br>    Plaintiff,<br><br>    vs.<br><br>DR. RAJEEV SHAH, ADMINISTRATOR, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT AND PUBLIC HEALTH INSTITUTE,<br><br>    Defendants. | Case No: C 13-3586 SBA<br><br>**ORDER GRANTING DEFENDANT PUBLIC HEALTH INSTITUTE'S MOTION TO DISMISS**<br><br>Docket 30 |

This is an employment discrimination and retaliation action brought by Plaintiff Dr. Pradeep Goel against Defendants Public Health Institute ("PHI") and Dr. Rajeev Shah, in his official capacity as the Administrator of the United States Agency for International Development ("USAID"). Plaintiff avers that Defendants discriminated against him on account of his race (Indian) and religion (Hindu) in violation of Title VII of the Civil Rights Act of 1964. The pleadings also allege supplemental state law causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing.

The parties are presently before the Court on PHI's Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 30. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

PHI is a non-profit corporation that recruits medical professionals on behalf of USAID, a federal agency that administers humanitarian programs in foreign countries. Compl. at 2-3, 5, Dkt. 1. In July 2006, PHI recruited Plaintiff to work as a Senior Immunization Advisor for a two-year term in connection with USAID's Global Health Fellows Program in Nigeria. Id.

Plaintiff and his family moved to Nigeria in February 2007. Id. Within a couple of weeks of his arrival, Plaintiff had a conversation with team leader Carla Fossand ("Fossand") who used the term "Holy Cow" several times. Id. at 6. Plaintiff informed Fossand that cows are considered sacred to Hindus and that he was offended by her use of that term. Id. Although Fossand promised to refrain from saying "Holy Cow" again, she continued to use it in conversations with persons other than Plaintiff. Id.

Plaintiff thereafter complained to team leaders Akua Kwateng-Ado ("Ado") and "Wind" about Fossand's Holy Cow references. Id. According to Plaintiff, neither Ado nor Wind attempted to address the issue with Fossand. Id. Instead, they allegedly retaliated against Plaintiff by harassing him and his family, giving him a negative performance review, placing him in an undesirable office cubicle and denying his request for an annual development benefit. Id. at 9-11.

At the end of May 2008, Ado and Wind informed Plaintiff that his two-year term would not be extended beyond its expiration in September 2008. Id. at 12. On June 16, 2008, Plaintiff, citing health and safety concerns resulting from his purported mistreatment, requested permission to leave Nigeria before the end of his term. Id. at 13. USAID granted Plaintiff's request, and Plaintiff and his family left Nigeria on July 8, 2008. Id.

### B. PROCEDURAL HISTORY

On October 6, 2008, Plaintiff filed an equal employment opportunity ("EEO") complaint against USAID (but not PHI) with the U.S. Equal Employment Opportunity Commission ("EEOC"). Id. Ex. 1. The EEOC investigated Plaintiff's complaints of race

and religious discrimination. The matter was submitted to an Administrative Judge ("AJ"), who concluded that Plaintiff had failed to substantiate his claims of discrimination. Id. Plaintiff appealed the adverse ruling. On November 7, 2012, the EEOC affirmed the AJ's finding of no discrimination, and advised Plaintiff that he had ninety days to file a civil action. Id.

On February 5, 2013, Plaintiff filed the instant action in this Court alleging claims for: (1) race and religious discrimination in violation of Title VII; (2) wrongful termination in violation of Title VII; (3) race and religious harassment in violation of Title VII; (4) retaliation in violation of Title VII: (5) breach of employment contract; and (6) breach of the implied covenant of good faith and fair dealing.[1]

PHI now moves to dismiss the Complaint on two grounds: (1) Plaintiff's Title VII claims are barred due to his failure to exhaust administrative remedies; and (2) Plaintiff's state law claims are time-barred. The motion is fully briefed and ripe for adjudication.

## II.   **LEGAL STANDARD**

Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed under Rule 12(b)(6) for failure to state a cognizable legal theory or insufficient facts to support a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing the pleadings, the court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). A pleading filed by a pro se plaintiff must be liberally construed. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). Where a complaint or claim is dismissed, "[l]eave to amend should be

---

[1] Plaintiff filed the action in the Central District of California, which transferred venue to this District on August 6, 2013. Dr. Shah has answered the Complaint.

granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009).[2]

### III. DISCUSSION

#### A. TITLE VII CLAIMS

The first through fourth claims for relief are predicated upon violations of Title VII. In order for a district court to have subject matter jurisdiction over a Title VII claim, the plaintiff must first exhaust his or her administrative remedies through the EEOC. Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir. 1990). To timely exhaust administrative remedies, a plaintiff must file a charge with the EEOC within 180 days from the last act of alleged discrimination, unless the complainant initially institutes proceedings with a state or local agency, in which case the EEOC charge must be filed within 300 days of the last discriminatory act, or within 30 days of receiving notice that the state or local agency has terminated proceedings, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1); see MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081-1082 (9th Cir. 2006). "A claim is time barred if it is not filed within these time limits." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002).

PHI contends that Plaintiff's Title VII claims are not properly before the Court because he never filed an EEO charge against PHI. Plaintiff concedes as much, but argues that he "was not even minimally aware" that PHI was associated with USAID at the time he filed his EEO complaint. See Pl's Opp'n to PHI's Mot. to Dismiss for Failure to State a Claim ("Opp'n") at 3, Dkt. 42. Plaintiff appears to argue that he should be excused from Title VII's exhaustion requirement on the basis of equitable tolling. Equitable tolling is

---

[2] Because a plaintiff's failure to exhaust under Title VII implicates the Court's jurisdiction, PHI's exhaustion argument is more appropriately construed under Rule 12(b)(1). "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Rattlesnake Coalition v. United States Envtl. Protection Agency, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

applicable where "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period[.]" Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002). Although Title VII deadlines are subject to equitable tolling, courts have applied the doctrine "sparingly" and only in "extreme cases." Scholar v. Pacific Bell, 963 F.2d 264, 267 (9th Cir. 1992). Lack of diligence on the part of the plaintiff is fatal to claims of equitable tolling. See Baldwin Cnty. Welcome Cntr. v. Brown, 466 U.S. 147, 151 (1984) ("[o]ne who fails to act diligently cannot invoke equitable principles to excuse [a] lack of diligence.") (per curiam); Payan v. Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1127 (9th Cir. 2007) (upholding dismissal of pro se plaintiff's Title VII claims as untimely, noting that plaintiff's "pro se status does not afford her different treatment under these standards").

In the instant case, Plaintiff fails to present any facts demonstrating why he could not have, in the exercise of reasonable diligence, ascertained PHI's relationship with USAID at the time he filed his EEO complaint. To the contrary, the record shows that Plaintiff knew or should have known of PHI's involvement with his employment at the time of his separation in July 2008. See Compl. Ex. 2 at 4 (job description for Immunization Advisor position specifically identifying PHI, not USAID, as the entity responsible for filling the position on behalf of the Global Health Fellows Program); Compl. at 5 (acknowledgement by Plaintiff that PHI recruited him for the position with USAID in Nigeria); see also Pl.'s Opp'n to PHI's Mot. to Dismiss for Lack of Venue and Failure to State a Claim at 9, Dkt. 14 (allegation by Plaintiff that in July 2008 PHI was attempting to interfere with his claim for unemployment benefits). In view of the foregoing, the Court finds that Plaintiff is not entitled to the shelter of equitable tolling[3], and that his failure to exhaust his administrative remedies against PHI precludes his Title VII claim against that entity.

---

[3] The doctrine of equitable estoppel is likewise inapplicable, given that Plaintiff has alleged no facts that PHI prevented him from meeting the EEO filing deadline. See Johnson, 314 F.3d at 414

**B.     STATE LAW CLAIMS**

### 1.     Wrongful Termination

California law recognizes a tort cause of action for wrongful termination in violation of public policy. Tameny v. Atlantic Richfield Co., 27 Cal.3d 167, 172 (1980).[4] The statute of limitations for a Tameny claim is two years. Mathieu v. Norrell Corp., 115 Cal.App.4th 1174, 1189 n.14 (2004) (citing Code Civ. Proc. § 335.1). A wrongful termination in violation of public policy claim accrues at the time of discharge. Romano v. Rockwell Int'l Inc., 14 Cal.4th 479, 501 (1996).

Plaintiff's wrongful termination claim accrued at the time of his separation in July 2008, meaning that he had until July 2010 to file suit. Since Plaintiff did not file this action until February 2013, his wrongful termination claim is time-barred on its face. See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint.") (internal quotation marks omitted). Tellingly, Plaintiffs offers no argument to the contrary in his opposition. The Court therefore finds that Plaintiff's second claim, to the extent that it is construed as a Tameny claim, is time-barred.

### 2.     Contract Claims

Plaintiff's fifth and sixth claims for relief are state law causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing, respectively. In his breach of contract claim, Plaintiff alleges that his employment was subject to express and implied-in-fact agreements that he would be allowed to complete his two-year assignment and that he would not be discharged in the absence of good cause. Compl. at

---

[4] In his Complaint, Plaintiff styles his second claim as "Wrongful Termination in Violation of Federal Law," and expressly cites Title VII as the legal basis for said claim. Compl. at 19. In his opposition, Plaintiff characterizes his claim as one for wrongful termination in violation of public policy. Opp'n at 3. On a motion to dismiss, the pleadings control the Court's analysis. See Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Nevertheless, even if Plaintiff's second claim is construed under state law, such a claim is time-barred for the reasons that follow.

23. According to Plaintiff, PHI breached these agreements when it terminated him without a legitimate reason for doing so. Id. at 25. Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing is based on essentially the same allegations. Id. at 27-28.

The statute of limitations for claims based on a written contract is four years, see Cal. Civ. Proc. Code § 337, while "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing," is subject to a two-year statute of limitations, id. § 339. Generally, a contract claim "accrues at the time of the breach" and the statute begins to run "regardless of whether any damage is apparent or whether the injured party is aware of the right to sue." Perez-Encinas v. AmerUs Life Ins. Co., 468 F. Supp. 2d 1127, 1134 (N.D. Cal. 2006) (citing Niles v. Louis H. Rapoport & Sons, 53 Cal.App.2d 644, 651 (1942).

Here, Plaintiff's contract claims accrued at the time he separated in July 2008. Thus, at the latest, Plaintiff should have brought these claims by no later than July 2012, which he failed to do. In his opposition, Plaintiff does not dispute his failure to file suit within two or four years of his termination, but contends that PHI engaged in misconduct *after* his separation. Opp'n at 4-6. This contention is misplaced. Plaintiff's fifth and sixth causes of action are based entirely on Defendants' decision to terminate Plaintiff's employment in 2008. As such, whether or not PHI engaged in any misconduct subsequent to his termination is inapposite to whether his contract-based claims are timely. Therefore, since Plaintiff did not file suit until February 2013, after the limitations periods applicable to his contract claims had lapsed, the Court dismisses Plaintiff's fifth and sixth claims as time-barred.

### 3. Leave to Amend

"Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011). Plaintiff argues in his opposition that after his

1  separation in July 2008, PHI breached various provisions of its personnel manual and
2  engaged in bad faith by providing allegedly inaccurate information in connection with his
3  unemployment insurance benefits claim, posting negative information regarding him on its
4  website and providing negative employment references. Opp'n at 3-6. Since the
5  Complaint does not allege any particular claims based on this conduct, the Court construes
6  Plaintiff's argument as a request for leave to amend. See Broam v. Bogan, 320 F.3d 1023,
7  1026 n.2 (9th Cir. 2003) ("Facts raised for the first time in plaintiff's opposition papers
8  should be considered by the court in determining whether to grant leave to amend or to
9  dismiss the complaint with or without prejudice.").
10        PHI responds that Plaintiff's proposed claims are time-barred and/or lack merit, and
11 consequently, any amendment based on these new claims would be futile. Reply at 4-9.
12 The Court agrees that the proposed amendments are futile, albeit for jurisdictional reasons.
13 Under 28 U.S.C. § 1367, the Court may exercise supplemental jurisdiction "over all other
14 claims that are so related to claims in the action within such original jurisdiction that they
15 form part of the same case or controversy under Article III of the United States
16 Constitution." A state-law claim is "part of the same case or controversy," when it shares a
17 "'common nucleus of operative fact' with the federal claims and the state and federal
18 claims would normally be tried together." Bahrampour v. R.O. Lampert, 356 F.3d 969, 978
19 (9th Cir. 2004) (quoting Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v.
20 Desert Valley Landscape Main., Inc., 333 F.3d 923, 925 (9th Cir. 2003)). The power to
21 exercise supplemental jurisdiction is within the court's discretion. United Mine Workers of
22 America v. Gibbs, 383 U.S. 715, 726 (1966).
23       The only remaining claims in this action over which the Court has original
24 jurisdiction are the Title VII claims alleged against Defendant Dr. Shah. Those
25 discrimination claims arise entirely from Plaintiff's separation in July 2008 and the alleged
26 conduct of USAID personnel leading thereto. In contrast, Plaintiff's proposed claims
27 accuse PHI of breaching its personnel manual, and are based on events occurring *after*
28

Plaintiff's separation. The claims against Dr. Shah and proposed claims against PHI involve separate and distinct legal and factual issues, time-frames, witnesses and evidence. Given these distinctions, the proposed claims against PHI are *not* part of the same case and controversy as the claims over which the Court has original jurisdiction, i.e., the Title VII discrimination claims brought against Dr. Shah. See Nahat v. Ballet San Jose, Inc., No. 13-2896 SBA, 2013 WL 5934705 (N.D. Cal., Nov. 1, 2013) (finding that claims based on plaintiff's termination were not part of the same case and controversy as claims based on defendant's post-termination conduct). Since the exercise of supplemental jurisdiction over Plaintiff's proposed claims against PHI would be inappropriate, the Court declines to grant leave to amend.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendant PHI's motion to dismiss is GRANTED. All claims alleged against PHI are dismissed without leave to amend.

2. This Order terminates Docket No. 20.

IT IS SO ORDERED.

Dated: January 31, 2014

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge